IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Matthew McCoy, | Case No. 8:24-cv-3577-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Bryan Stirling, *et al*, | |
| Defendants. | |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that Defendants' Motion for Summary Judgment be granted. (Dkt. No. 83). The Court previously adopted the R&R (Dkt. No. 86) but vacated its Order upon Plaintiff's motion for an extension explaining that he did not receive the R&R. (Dkt. No. 89). (Dkt. No. 90). Plaintiff filed objections to the R&R (Dkt. No. 94), and Defendants replied (Dkt. No. 95). For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

**I.  Background**

This action was brought by an inmate of the South Carolina Department of Corrections ("SCDC"), who is proceeding pro se. Plaintiff's claims center on his placement in the Substantiated Security Risk ("SSR") Unit. Plaintiff alleges that the actions of Defendants in placing him in the SSR Unit violate his rights to due process, subject him to cruel and unusual punishment, and involve a civil conspiracy to deprive him of his rights under the Eighth and Fourteenth Amendments. In support of their motion for summary judgment, Defendants submitted an affidavit from Dennis Patterson, the Assistant Deputy Director of Operations for SCDC. Mr. Patterson explained that Plaintiff was transferred to the SSR Unit on January 12, 2023, the day he was indicted by the South Carolina Grand Jury for engaging in drug trafficking while incarcerated

1

at SCDC through the use of a contraband cell phone. (Dkt. No. 83 at 5). Mr. Patterson further stated that law enforcement officials had received information that Plaintiff and his brother, another SCDC inmate, were planning an escape. (*Id*. at 6).

The Magistrate Judge initially addressed in the R & R the issue of whether Plaintiff had exhausted his administrative remedies prior to filing suit, a threshold requirement for federal jurisdiction under the Prison Litigation Reform Act. The Magistrate Judge concluded that Plaintiff had failed to exhaust his administrative remedies and Defendants were entitled to summary judgment on this basis. (*Id*. at 9-15). The Magistrate Judge then addressed an additional basis for Defendant's motion for summary judgment: that the placement of Plaintiff in the SSR Unit did not violate his constitutional rights. The Magistrate Judge evaluated the conditions of confinement and procedures for periodic review of Plaintiff's assignment to the SSR Unit and concluded that Defendants had not violated Plaintiff's rights to due process, equal protection or avoidance of cruel and unusual punishment. (*Id.* at 16-25). The Magistrate Judge further considered and recommended summary judgment be granted on Plaintiff's civil conspiracy claim. (*Id*. at 25-28). Additionally, the Magistrate Judge recommended summary judgment be granted on Plaintiff's claims of personal liability of any of the named Defendants and for any claims for money damages against Defendants sued in their official capacities under the Eleventh Amendment. (*Id.* at 28-30). Finally, the Magistrate Judge recommended that in light of the findings of no constitutional violations, Defendants should be granted qualified immunity and Plaintiff's motion for injunctive relief should be denied. (*Id*. at 30-33).

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

Plaintiff objects to the R&R's finding that he did not exhaust administrative remedies and reiterates that he "is innocent until proven guilty in a court of law . . . and shall not be punished before being found guilty in a court of law," seemingly in response to the Magistrate Judge's recommendation that summary judgment be granted in favor of Defendants. (Dkt. No. 94 at 2). He alleges that he has "all the evidence I need to prove my allegations" but fails to cite the evidence to which he is referring to. Plaintiff also clarifies that he is not challenging his housing but rather "challenging not receiving the same treatment other inmates of my classification receive." (*Id.* at 3).

Plaintiff's objections are non-specific in nature and are nothing more than recitations of the allegations levied in his Complaint. Such objections are not entitled to *de novo* review by this Court and are overruled. Finding no clear error on the face of the record, the Court adopts the R&R as the Order of the Court.

## IV. Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R of the Magistrate Judge (Dkt. No. 83) as the order of the Court and **GRANTS** summary judgment to the Defendants.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

June 26, 2025
Charleston, South Carolina